ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT
OCT - 4 2010
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

ROBERT LEHMANN, DEFENDANT, PRO SE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLECTORS UNIVERSE, INC., A Delaware corporation,<br>Plaintiff,<br>vs.<br>AL ROSSMAN, an individual; RICK WESSELINK,an individual; Greg Krill, an individual; ROBERT LEHMANN, an individual; DOES 1-10, individuals or entities whose identities are currently unknown,<br>Defendants | Case No.: CV10-03602 SJO(MLGX)<br><br>DEFENDANT ROBERT LEHMANN'S ANSWER PRESENTING DEFENSES UNDER RULE 12(b) TO SECOND AMMENDED COMPLAINT FOR VIOLATION OF RICO; COMMON LAW FRAUD; CALIFORNIA UNFAIR COMPETITION; BREACH OF CONTRACT; CONSPIRACY; DECLARATORY JUDGEMENT<br><br>Date and Time of Filing<br>9/29/2010 9:45 A.M. |

Dated this September 29, 2010

Robert Lehmann, Pro Se
113-115 Baltimore Street
Suite 102
Cumberland, MD 21502
301-724-0400
roblehmann@ ~~reededge.com~~ reededge.com

Responding to Allegations in the Complaint

**Robert Lehmann (Defendant)**, in response to COLLECTORS UNIVERSE, INC. (Plaintiff), for its Second Amended Complaint in this action, **ANSWERS** upon Plaintiff's statements and allegations as follows:

1. Defendant is without sufficient knowledge and information to form a belief as to the truth or accuracy of the statements and allegations contained in paragraphs 33, 39, 49 (erroneously numbered as 47), 50 (erroneously numbered as 48) and 51 (erroneously numbered as 49) of the Plaintiff's Complaint and, therefore, can neither admit or deny those allegations.

2. Defendant generally admits the statements and allegations set forth in paragraphs 3, 4, 6, 7, 8, and 10 of the Plaintiff's Complaint.

3. Defendant denies the statements and allegations set forth in paragraphs 1, 2, 5, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 45, 46 (erroneously numbered as 44), 47 (erroneously numbered as 45) and 48 (erroneously numbered as 46), of the Plaintiff's Complaint as phrased.

**DEFENSE 1 – FAILURE TO STATE A CLAIM**

Plaintiff's Complaint fails to state a cause of action against Defendant upon which relief can be granted.

**DEFENSE 2 – LACK OF PERSONAL JURISDICTION**

The Defendant is not subject to the personal jurisdiction of this court.

**DEFENSE 3 - FAILURE TO ESTABLISH PROPER VENUE**

Plaintiff's Complaint fails to establish proper venue in this Judicial District, as Defendant does not reside in this District, he is not found in this district, he has no agents in this District nor does he transact his affairs in this District.

**DEFENSE 4 - INSUFFICIENT SERVICE OF PROCESS**

Service of Process was not accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure. Defendant was not served a copy of Plaintiff's Complaint in-person, either at his place of business or at his home.

**DEFENSE 5 - COMPLAINT BARRED BY PRIOR RELEASE**

Plaintiff's Complaint is barred by prior Settlement Agreement with Defendant, entered in the state of New Hampshire, Carroll County Superior Court on June 7, 2006, which included a mutual general release, as well as a waiver of any protections afforded by Section 1542 of the California Civil Code.

**DEFENSE 6 - TERMINATION OF CONTRACT**

Plaintiff's Contract with Defendant (the PCGS Dealer Agreement) referenced in paragraph 9 of Plaintiff's Complaint, was terminated by Plaintiff on January 18, 2005. Plaintiff's Complaint specifically states that damages allegedly caused by Defendant occurred "in or about June of 2007" (¶16i) and "in or about September of 2009" (¶16j).

**DEFENSE 7 - STATUTE OF LIMITATIONS**

Plaintiff's claim is barred by the statute of limitations because the Defendant's alleged wrongdoings arose more than nine years before this action was commenced ("in or about July of 2001" and "On or about August 13, 2001").

**COUNTERCLAIM**

Plaintiff and their attorneys have engaged in a pattern of malicious prosecution for motives that preclude legal reasoning, resulting in great financial loss to Defendant.

1. It is Defendant's belief that he has been named in this action for reasons that preclude legal reasoning, including retaliation for a favorable settlement from a prior unrelated case with Plaintiff.
2. Plaintiff and their attorneys have been advised about the existence of a Settlement Agreement between Collector's Universe (Plaintiff) and Robert Lehmann (Defendant), entered in the State of New Hampshire, Carroll County Superior Court on June 7, 2006 and approved by Judge O'Neill.
3. Settlement Agreement included a mutual general release as well as a waiver of any protections afforded by Section 1542 of the California Civil Code.
4. The purpose of this waiver was to protect both Plaintiff and Defendant "from all Claims whatsoever, in law or in equity, past present and future, foreseen or unforeseen".
5. With the inclusion of the Section 1542 waiver, these protections were to include, "claims which the creditor does not know or suspect to exist in his or her favor at the time of executing this release".
6. Despite clear language barring Plaintiff's Complaint, Plaintiff has failed to release Defendant from this action, and consequently caused Defendant financial losses in excess of $100,000.00.

**WHEREFORE**, Defendant prays that the Court grant him as follows:

1. The Court dismiss this action against the Defendant.
2. Plaintiff be ordered to pay Defendant's cost of this action, including reasonable attorney's fees, as a result of Plaintiff's malicious prosecution of Defendant in this action.
3. Plaintiff be ordered to pay all damages sustained by Defendant, as a result of Plaintiff's malicious prosecution of Defendant in this action.
4. Defendant, his agents, servants, employees, successors, assigns and all others controlled by him be allowed indefinitely to submit coins to Plaintiff's companies for certification, either directly or through a third party. Defendant has not and will not ever knowingly submit coins that have been "doctored" as defined in Plaintiff's Complaint.
5. Defendant should not be ordered to deliver for destruction any coins whatsoever, including those allegedly "doctored" according to Plaintiff's standards, or otherwise.
6. Defendant should not have to account for and pay Plaintiff for any alleged gains, profits, and advantages by him from his submission of "doctored" coins.
7. Defendant should not pay any alleged damages sustained by Plaintiff or alternatively, provide restitution and disgorge profits, resulting from Defendant's alleged acts of unfair trade practices and unfair competition.
8. Defendant should not be required to pay Plaintiff any damages provided by 18 U.S.C.§1964(c).
9. Defendant should not be ordered to pay Plaintiff any exemplary damages.
10. Defendant should not be ordered to pay Plaintiff for any cost of this action, including reasonable attorney's fees.
11. Court should not grant Plaintiff any further relief against Defendant whatsoever.

12. Defendant should be allowed, at a future date, to retain counsel for the purpose of defending himself in this action.

13. Defendant should be allowed, in a timely manner, to file motions relevant to this action.

Date: September 27, 2010

Signature:

Robert Lehmann - Pro Se

Robert Lehmann

113-115 Baltimore Street

Suite 102

Cumberland, MD 21502

(301) 724-0400

roblehmann@reededge.com

**CERTIFICATE OF SERVICE**

I, Robert Lehmann, Defendant, pro-se, do hereby certify that the foregoing "Answer Presenting Defenses Under Rule 12B" was served upon the following by mailing true copies thereof, by U.S. Mail, postage prepaid, certified, return receipt requested, on this 29th day of September, 2010:

Keith S. Attlesey, Esq.
Suzanne S. Storm, Esq.
Attlesey/Storm, LLP
2552 Walnut Avenue, Suite 100
Tustin, CA 92780
Counsel for Plaintiff

Morgan Evans, Esq.
Marvin Bartel, Esq.
Bartel & Evans, LLP
4695 MacArthur Court
Suite 310
Newport Beach, CA 92660
Counsel for Defendants Al Rossman, Rick Wesselink, Silvano Degenova and Greg Krill

United States District Court
Central District of California
Western Division
312 N. Spring Street, Room G-8
Los Angeles, CA 90012

Robert Lehmann, Defendant

ROBERT LEHMANN, DEFENDANT, PRO-SE