MARVIN BARTEL #107531
mbartel@bartelevans.com
MORGAN R. EVANS #198278
mevans@bartelevans.com
BARTEL & EVANS LLP
4695 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (949) 752-3700
Facsimile: (949) 752-3701

Attorneys for Defendants
SILVANO DiGENOVA, GREG KRILL
and RICK WESSELINK

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLECTORS UNIVERSE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AL ROSSMAN, an individual; RICK WESSELINK, an individual; SILVANO DIGENOVA, an individual; GREG KRILL, an individual; ROBERT LEHMANN, an individual; DOES 1-10, individuals and/or entities whose identities are currently unknown,<br><br>Defendants. | Case No. CV10-03602 SJO (MLGx)<br><br>Assigned for all Purposes to the Honorable S. James Otero<br><br>**~~[PROPOSED]~~ ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Action Filed: May 13, 2010 |

# [PROPOSED] ORDER

On December 13, 2010, the following motions came on for hearing before the Court:

1. Defendants Silvano DiGenova, Greg Krill and Richard Wesselink's Motion to Dismiss the Second Amended Complaint of Plaintiff Collectors Universe, Inc.;

2. Defendants Silvano DiGenova, Greg Krill and Richard Wesselink's Motion to Strike Portions of the Second Amended Complaint of Plaintiff Collectors Universe, Inc.;

3. Motion of Defendants Silvano DiGenova, Greg Krill and Richard Wesselink for a More Definite Statement;

4. Motion to dismiss filed by defendant Al Rossman for improper and untimely service, and for improper venue;

5. Defendant Al Rossman's Motion to Dismiss the Second Amended Complaint of Plaintiff Collectors Universe, Inc.;

6. Defendants Al Rossman's Motion to Strike Portions of the Second Amended Complaint of Plaintiff Collectors Universe, Inc.;

7. Motion of Defendant Al Rossman for a More Definite Statement; and

8. Defendant Robert Lehmann's Motion to Dismiss Under Rule 12(b) for Lack of Jurisdiction, Improper Venue, Insufficient Service of Process, Complaint Barred by Prior Release, Termination of Contract, Statute of Limitations, Failure to State a Claim or Malicious Prosecution.

Attorney Keith Attlesey of Attlesey and Storm appeared on behalf of plaintiff Collectors Universe, Inc. ("Plaintiff"); Morgan Evans of Bartel & Evans LLP appeared on behalf of defendants Silvano Digenova, Greg Krill, and Rick Wesselink (Wesselink, Krill and DiGenova are collectively referred to herein as, the "California Defendants"); Kevin Nowicki appeared on behalf

of defendant Al Rossman; and Robert Lehmann appeared pro se. The California Defendants, Rossman and Lehmann are collectively referred to herein as, the "Defendants." Having considered the motions filed by the various defendants, Plaintiff's briefs in opposition thereto, Defendants' reply briefs in support of their respective motions, and having heard the oral arguments of counsels, and determining good cause showing:

IT IS HEREBY ORDERED that:

1. Defendant Lehmann's motion to dismiss based on lack of personal jurisdiction, insufficient service of process and improper venue is denied based on the fact that Defendant Lehmann consented to jurisdiction of the court in this action by filing an answer and counterclaim;

2. Notwithstanding the denial of his motion to dismiss, Defendant Lehmann is permitted to join and, in fact, has joined in the Motion to Dismiss filed by the California Defendants;

3. Defendant Rossman is permitted to join and, in fact, has joined the Motion to Dismiss filed by the California Defendants;

4. The California Defendants' Motion to Dismiss Count One of the Second Amended Complaint for alleged violation of the Lanham Act (15 U.S.C. section 1125 et seq.) is hereby GRANTED on the grounds that Plaintiff, despite having had three opportunities to do so, cannot plead the requirements for either a "false designation of origin" claim or "false advertising" claim under the Lanham Act. Therefore, Plaintiff's Lanham Act claim is dismissed, with prejudice, as to all Defendants;

5. The California Defendants' Motion to Dismiss Count Two of the Second Amended Complaint for alleged violations of the RICO statutes (18 U.S.C. § 1961 et seq.) is hereby GRANTED, on the grounds that Plaintiff, despite having had four opportunities (three attempts to plead in its complaint, and a fourth attempt in the form of Plaintiff's RICO Statement filed pursuant to

the Court's RICO Order, dated 12/8/2010) to allege facts to support its RICO claim, has failed to allege or offer any allegations of fact sufficient to meet the requirements of Federal Rules of Civil Procedure, Rules 9(b) and 12(b)(6). Therefore, Plaintiff's RICO Claim is dismissed as to all Defendants. Plaintiff shall not be permitted to re-file its RICO Claim against Defendants in federal court. However, Plaintiff is not precluded by this Order from attempting to plead a RICO cause of action in state court if, through the discovery process in a subsequently filed state court action, it were to discover facts sufficient to support such a cause of action;

6. The Court exercises its discretion not to exercise supplemental jurisdiction over the remaining state law claims in the SAC, and therefore dismisses without prejudice Count Three for civil fraud, Count Four for California unfair competition, Count Five for breach of contract; Count Six for conspiracy; and Count Seven for declaratory judgment, as to all Defendants;

7. The Court deems moot the California Defendants' Motion to Strike Portions of the Second Amended Complaint;

8. The Court deems moot the California Defendants' Motion for a More Definite Statement;

9. The Court deems moot Defendant Rossman's motion to dismiss for improper and untimely service of process and improper venue;

10. The Court deems moot Rossman's Motion to Dismiss the Second Amended Complaint;

11. The Court deems moot Rossman's Motion to Strike Portions of the Second Amended Complaint;

12. The Court deems moot Rossman's Motion for a More Definite Statement; and

13. The Court, in its discretion, declines to exercise supplemental jurisdiction over the Counterclaim filed by Defendant and Counterclaimant Lehmann and, therefore, dismisses without prejudice such Counterclaim.

Dated: 1/10/2011

Honorable S. James Otero
Judge of the US District Court